FILED
November 15, 2011
CLERK, U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA
0003901379

J. RUSSELL CUNNINGHAM, State Bar #130578
J. LUKE HENDRIX, State Bar #271424
DAVID R. WIKSELL, State Bar #272490
**DESMOND, NOLAN, LIVAICH & CUNNINGHAM**
1830 15th Street
Sacramento, California 95811
Telephone: (916) 443-2051
Facsimile: (916) 443-2651

Attorneys for Douglas M. Whatley
Chapter 7 Trustee

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| In re:<br><br>EDWARD S. SOUZA, and<br>JUDY L. SOUZA,<br><br>Debtors. | Case No. 10-53584-C-7<br>Chapter 7<br><br>DCN: DNL-2<br><br>Date: December 20, 2011<br>Time: 9:30 a.m.<br>Place: 501 I Street, 6th Floor<br>Courtroom 35; Dept. C<br>Sacramento, CA 95814 |

### MOTION FOR TURNOVER

Chapter 7 trustee DOUGLAS M. WHATLEY ("Trustee"), in his capacity as Chapter 7 trustee of the bankruptcy estate of EDWARD S. SOUZA and JUDY L. SOUZA (collectively "Debtors"), hereby moves for an order compelling the Debtors to turn over all documents relating to the Debtors' interest in the Katherine P. Souza Revocable Trust ("Souza Trust"), including, but not limited to, documentation of the following: (1) the original Souza Trust and all subsequent amendments; (2) identification and contact information for the current trustee(s) of the Souza Trust; (3) evidence of the date of death of Katherine P. Souza; (4) information concerning all assets of the Souza Trust, including certain real property generally described as 14555 Volcano Pioneer Road, Pioneer, California ("14555 Volcano Pioneer Road"), and any funds held in deposit for

improvements to 14555 Volcano Pioneer Road, or otherwise; and (5) information concerning all distributions and accountings rendered under the Souza Trust. In support of his motion, Trustee submits the following:

## JURISDICTION AND BACKGROUND

1. Jurisdiction for this motion exists pursuant to 11 U.S.C. Section 1334; 11 U.S.C. Section 157(b)(2)(E); and 11 U.S.C. Section 542(a). Venue is proper pursuant to 28 U.S.C. Section 1409(a).

2. On December 24, 2010, the Debtors commenced the above-captioned bankruptcy case by filing a voluntary Chapter 7 petition.

3. Trustee is the duly appointed trustee of the Debtors' bankruptcy estate.

4. Among the scheduled assets of the Debtors' bankruptcy estate is the Debtors' 20% interest in the Souza Trust. The Debtors' Schedule B lists the value of the Debtors' interest in the Souza Trust as $25,403.20 (i.e. 20% of $127,016.00), and the Debtors' Schedule C asserts an exemption in the Souza Trust in the amount of $16,051.00, pursuant to California Code of Civil Procedure Section 703.140(b)(5)("Wild Card").

5. Since March 2010, through his legal counsel, Trustee has repeatedly demanded that the Debtors turn over all documents relating to the Debtors' interest in the Souza Trust, including, but not limited to, documentation of the following: (1) the original Souza Trust and all subsequent amendments; (2) identification and contact information for the current trustee(s) of the Souza Trust; (3) evidence of the date of death of Katherine P. Souza; (4) information concerning all assets of the Souza Trust, including 14555 Volcano Pioneer Road, and any funds held in deposit for improvements to 14555 Volcano Pioneer Road, or otherwise; and (5) information concerning all distributions and accountings rendered under the Souza Trust.

6. To date, despite Trustee's repeated demands, the Debtors have only turned over the following documents: (1) a two page document that appears to be a copy of the Last Will and Testament of Katherine P. Souza, dated August 23, 1993; and (2) a three page document that appears to be a copy of Exhibit B to the Souza Trust, dated August 23, 1993.

///

## BASIS FOR RELIEF

7. Pursuant to 11 U.S.C. Section 542, an entity, other than a custodian, in possession, custody, or control of property that the trustee may use, sell, or lease under 11 U.S.C. Section 363, "shall deliver to the trustee, and account for, such property or the value of such property, unless such property is of inconsequential value or benefit to the estate." 11 U.S.C. § 542(a)

8. The Debtors' interest in the Souza Trust is property of the Debtors' bankruptcy estate that Trustee may sell for the benefit of estate creditors. 11 U.S.C. § 541(a)(1); 11 U.S.C. § 363. The Debtors have made no claim that their interest in the Trust is excluded from the bankruptcy estate through the provisions of a spendthrift trust or otherwise; rather, the Debtors have scheduled their interest in the Souza Trust as an asset of the bankruptcy estate and claimed a partial exemption in the same. Thus, since the Debtors' interest in the Souza Trust is not of inconsequential value or benefit to the estate, the Debtors are obligated to deliver to Trustee, and account for, such property or the value of such property, and deliver to Trustee all related documents so Trustee can evaluate the bankruptcy estate's interest in the Souza Trust. 11 U.S.C. § 542(a).

**WHEREFORE**, Trustee prays that the motion be granted, and for such other and further relief as is necessary and proper.

Dated: November 14, 2011    **DESMOND, NOLAN, LIVAICH & CUNNINGHAM**

By: _____
J. LUKE HENDRIX
Attorneys for Douglas M. Whatley
Chapter 7 Trustee

3